UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
R. ALEXANDER ACOSTA,  Secretary of Labor,   )
United States Department of Labor,                     )
                                                                           )
                                    Plaintiff,                        )   Civil Action No. 18-10828
                                                                           )
                          v.                                             )
                                                                           )
LOCAL 369, UTILITY WORKERS UNION OF    )
AMERICA,                                                          )
                                                                           )
                                    Defendant.                      )
_____)

## COMPLAINT

Now comes the Plaintiff R. Alexander Acosta, Secretary of Labor, by and through his

attorney, Andrew E. Lelling, the Unites States Attorney for the District of Massachusetts, and

alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought under Title IV of the Labor-Management Reporting and

Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act"), for a judgment declaring that the

October 17, 2017, election of union officers conducted by Local 369, Utility Workers Union of

America ("Defendant") for the offices of Business Agent District 2, Executive Board Vice

President 1 – Eversource Gas, Executive Board Vice President 7 – Eversource OTP Services,

Executive Board Vice President 15 – National Grid North, Executive Board Vice President 18 –

Eversource Engineering and Design and Drafting, and the fifth Trustee-at-Large is void, and

directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and

for other appropriate relief.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.   Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff R. Alexander Acosta ("Plaintiff" or the "Secretary") is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.   Defendant is, and at all times relevant to this action has been, an unincorporated association with its principal place of business in Braintree, Massachusetts, within the jurisdiction of this district.

6.   Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7.   Defendant is the local union of the national Utility Workers Union of America ("National").

## FACTUAL ALLEGATIONS

8.   At the time of the election, the Defendant had approximately 2,880 members who were employed as utility workers by thirteen different employers throughout Massachusetts.

9.   Defendant's Executive Board consists of: President, Executive Vice President, Secretary Treasurer, and Executive Board Vice Presidents.  Defendant's members are divided into two Business Agent groups – District 1 or District 2 – depending on their employer and work classification.  There are nine Executive Board Vice Presidents under each District

Business Agent.

10. Defendant's members are further subdivided into fifty groups, each represented by a different Chief Steward.  The Chief Steward position, although elected, is not covered by the Act.

11. Defendant, purporting to act pursuant to the National's Constitution and its Bylaws, conducted an election of officers on October 17, 2017, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

12. Defendant mailed a combined nominations and election notice to members on July 25, 2017.

13. Defendant held nominations on September 17, 2017, at the Defendant's union hall.

14. Upon information and belief, Defendant utilized MK Election Services to design, print, mail, and tally ballots; MK Election Services mailed approximately 2,879 ballots on September 27, 2017.

15. Defendant, through MK Election Services, prepared ballots according to Chief Steward group ("CS-group"), resulting in fifty different ballots utilized in the 2017 election.  The ballots varied by contested races for which members of each group could vote, but every ballot included the Trustees-at-Large race.

16. In or around June 2017, Defendant requested all union member addresses from all employers.  These lists together became the Defendant's mailing list, which, upon information and belief, was not cross-checked with Defendant's membership records.  The employer-provided lists contained members' employee classification, as determined by the employer, which was used to determine which ballot the member would receive.

17. The Defendant's mailing list included nineteen members who were ineligible to vote and excluded thirty-eight members who were eligible to vote.  Nine additional members were

included on Defendant's mailing list but never received a ballot, and one member received his ballot too late to timely vote it.

18. Several members received incorrect ballots.  As Defendant became aware, it sent correct ballots to affected members, but did not include any instructions or explanation to the members as to why they were receiving an additional ballot.  These new, corrected ballots were not marked as "duplicate" or "replacement."

19. Some members who received two ballots voted and mailed both ballots to Defendant.

20. Defendant, through MK Election Services, tallied ballots on October 17, 2017, at the union hall, using MK Election Services' scanning equipment.

21. Coding pre-printed on the outer envelope, including a unique barcode for each member, allowed MK Election Services' scanning equipment to verify each voter's eligibility and CS-group; further, for purposes of tallying, each ballot type had a distinctive barcode located on the ballot itself.

22. MK Election Services identified which envelope contained the voter's original ballot and which envelope contained the voter's replacement ballot based on how the address was printed on the outer envelope.  On the original envelope, the mailing house used an inkjet printer to print the address; however, on the replacement or duplicate envelope, MK Election Services used a LaserJet printer to print the address.

23. Twenty outer envelopes had CS-group numbers that did not correspond to the CS-group number on any of the voted ballots (or vice versa).

24. One ballot preprinted as a CS-04 ballot (which is in District 1) contained handwriting that indicated it was tallied as a CS-50 ballot (which is in District 2), thereby denying this member the opportunity to vote for Business Agent District 2.

4

25. One member was listed on Defendant's mailing list twice, was sent two ballots, voted both ballots, and had both of his ballots counted at the tally.

26. Another member timely voted and mailed his ballot; however, his ballot was not counted at the tally, without any explanation from Defendant.

27. By email dated October 25, 2017, to Craig Pinkham, Local 369 President, William Glynn, Election Committee Chairperson, and Craig Connolly, Local 369 Executive Vice President, the complainant, Daniel Butterfield ("Butterfield"), a member in good standing of the Defendant, protested the election.

28. By letter dated November 16, 2017, to Defendant's Executive Board, the Election Committee,[1] recommended that that the Executive Board deny the protest.

29. By letter dated December 1, 2017, Defendant's Executive Board denied the protest.

30. Butterfield appealed the decision of Defendant's Executive Board to the National's Executive Committee on December 1, 2017.

31. The National's Executive Committee denied Mr. Butterfield's appeal on February 8, 2018.

32. Having exhausted remedies available and having received a final decision, Butterfield filed a timely complaint with the Secretary of Labor on February 12, 2018, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

33. By letter signed February 22, 2018, Defendant agreed to extend until April 27, 2018, the time within which the Plaintiff could bring suit with respect to Defendant's 2017 triennial election.

34. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section

---

[1] The Election Committee, consisting of 17 union members including its elected Chairperson, assists with the operation of union elections.

402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred during the conduct of the Defendant's October 17, 2017 election; and (2) that such violations had not been remedied at the time of the institution of this action.

**COUNT I**
**Violation of Section 401(c)**
**29 U.S.C. § 481(c)**

35. Defendant repeats and re-alleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c) ("Section 401(c)"), as well as the Department's interpretative regulations at 29 C.F.R. § 452.110, during the conduct of the election in that it failed to provide adequate safeguards to insure a fair election when it allowed nineteen ineligible members to vote.

37. Defendant violated Section 401(c), as well as the Department's interpretative regulations at 29 C.F.R. § 452.110, during the conduct of the election in that it sent members incorrect ballots and failed to include instructions with the replacement or duplicate ballots sent, resulting in incorrect ballots being counted at the tally.

38. Defendant violated Section 401(c), as well as the Department's interpretative regulations at 29 C.F.R. § 452.110, during the conduct of the election in that it failed to employ a system that effectively distinguished between original and replacement ballots, which resulted in one member voting twice.

39. The violations of Section 401(c), separately and together with the violations of Section 401(e), 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's election.

**COUNT II**
**Violation of Section 401(e)**
**29 U.S.C. § 481(e)**

40. Defendant repeats and re-alleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e) ("Section 401(e)"), during the conduct of the election in that it denied members the opportunity to vote when thirty-eight eligible members were not included on Defendant's mailing list.

42. Defendant violated Section 401(e) during the conduct of the election in that it denied members the opportunity to vote when nine members were included on Defendant's mailing list but never received a ballot.

43. Defendant violated Section 401(e) during the conduct of the election in that it denied members the opportunity to vote when one member received the ballot too late to timely vote it, another member timely voted and mailed his ballot but his ballot was not counted, and another member's ballot contained handwriting that indicated it was tallied so as to deny the member a vote in the Business Agent District 2 race.

44. The violations of Section 401(e), separately and together with the violations of Section 401(c), may have affected the outcome of the Defendant's election.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of Business Agent District 2, Executive Board Vice President 1 – Eversource Gas, Executive Board Vice President 7 – Eversource OTP Services, Executive Board Vice President 15 – National Grid North, Executive

Board Vice President 18 – Eversource Engineering and Design and Drafting, and the fifth

Trustee-at-Large to be void;

     (b)  directing Defendant to conduct a new election for those offices under the supervision

of the Plaintiff;

     (c)  for the costs of this action; and

     (d)  for such other relief as may be appropriate.

<div style="margin-left: 40%;">

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By:   */s/ Jessica P. Driscoll*
Jessica P. Driscoll, BBO No. 655394
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, Massachusetts  02210
(617) 748-3398
Jessica.Driscoll@usdoj.gov

</div>

Dated:  April 27, 2018


*Of Counsel for the Plaintiff*:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

CHRISTA HENDERSON
Attorney

U.S. Department of Labor