SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the Acting Secretary of Labor, acting through the United States Department of Justice and on behalf of the United States Department of Labor ("DOL") (collectively, the "Secretary"), and Local 369, Utility Workers Union of America ("Local 369") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A.  Local 369 is a "labor organization" as that term is defined by the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 402(i).

B.  On April 27, 2018, the Secretary filed a civil action in the United States District Court for the District of Massachusetts captioned *R. Alexander Acosta, Secretary of Labor, United States Department of Labor v. Local 369, Utility Workers Union of America*, No. 18-10828-NMG, pursuant to the LMRDA, 29 U.S.C. § 401 *et seq.* (the "Civil Action"). The Secretary alleges that, in relation to Local 369's 2017 election, the union violated Sections 401(c) and 401(e) of the LMRDA, 29 U.S.C. §§ 481(c), (e), and that those violations may have affected the outcome of the elections for the Fifth Trustee-at-Large and Business Agent District 2 positions.

C.  Local 369 opposes the Secretary on the grounds that it committed no violation of Sections 401(c) and 401(e) of the LMRDA, 29 U.S.C. §§ 481(c), (e), and, even if it were found to have done so, the appropriate remedy is supervision of the 2020 election, which is the next regularly scheduled election under Local 369's current Constitution and Bylaws.

D.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of the United States Department of Labor Patrick Pizzella has been substituted automatically for former Secretary Alexander Acosta.

In consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. By September 20, 2019, the Department of Labor's Office of Labor-Management Standards ("OLMS") shall evaluate, with Local 369's full cooperation and assistance, whether the position of Business Agent is, under Local 369's current Constitution and Bylaws, an "officer" as the LMRDA defines that term in 29 U.S.C. § 402(n). In making this determination, OLMS will consider the following factors: (1) the degree of autonomy with which the Business Agent acts, and (2) the Business Agent's ability to direct policy or to independently enforce and implement policy decisions.

2. If OLMS, based upon the analysis described above, concludes that the position of Business Agent is <u>not</u> an officer under Local 369's current Constitution and Bylaws, the Parties will take the following steps:

    a. By January 15, 2020, Local 369 shall re-run the 2017 election for the currently vacant Trustee-at-Large position after an open nomination process in a manner as consistent as practicable with Local 369's Constitution and Bylaws and under the supervision of OLMS.

    b. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the name of the person elected to serve as a duly elected Trustee of Local 369, in the form attached hereto as Attachment A.

    c. Upon certification, the Court shall enter a final judgment declaring that such person is an officer.

2

3. If OLMS, based upon the analysis described above, concludes that the position of Business Agent is an officer under Local 369's current Constitution and Bylaws, the Parties will take the following steps:

    a. Local 369 will agree to re-run the Business Agent District 2 under the supervision of OLMS at a time directed by the Court;

    b. The Parties will brief and argue in the Civil Action the question of when to re-run the 2017 election of Business Agent District 2 and the Fifth Trustee-at-Large.

    c. Such briefing and argument shall include the filing in the Civil Action of an agreed-upon Statement of Facts in the form attached hereto as Attachment B.

    d. Such briefing and argument shall conform to the deadlines set forth in the Parties' Joint Motion to Reset Deadlines (ECF No. 52).

4. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

5. Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

6. The parties knowingly and voluntarily waive all rights to appeal the final judgment or any other orders in this Civil Action or arising from or related to the Civil Action.

7. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Massachusetts. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

8. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

9. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

10. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

11. This Agreement is binding on the successors, transferees, heirs, and assigns of the Parties.

12. After execution of this Agreement, counsel for the Secretary shall file the Agreement in the Civil Action.

13. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement"). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE SECRETARY OF LABOR**

DATED: 9/13/2019    BY: _____
Alexandra L. Brazier
Evan D. Panich
Assistant United States Attorneys
United States Attorney's Office
District of Massachusetts

**LOCAL 369 UTILITY WORKERS UNION OF AMERICA**

DATED: 9/13/19    BY: _____
Paul Kelly
Paige McKissock
Segal Roitman LLP
33 Harrison Ave., 7th Floor
Boston, MA 02111
617-742-0208
Counsel for Local 369

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICK PIZZELLA, Acting Secy. of Labor, United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>LOCAL 369, UTILITY WORKERS UNION OF AMERICA,<br><br>                Defendant. | Civil Action No. 18-10828-NMG |

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement and Order entered _____, in the United States District Court for the District of Massachusetts, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") (29 U.S.C. §§ 481-483), and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, and no post-election complaints having been received concerning the conduct thereof, therefore:

Pursuant to Section 402(c) of the LMRDA (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidate has been elected to the office designated:

      [NAME]                                      Trustee at Large

_____                        _____
Date                                                      Chief
                                                                      Division of Enforcement
                                                                      Office of Labor-Management Standards
                                                                      United States Department of Labor

ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICK PIZZELLA, Acting Secy. of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-10828-NMG ) |
| LOCAL 369, UTILITY WORKERS UNION OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

## STIPULATED STATEMENT OF FACTS

Plaintiff Patrick Pizzella, Acting Secretary of Labor (the "Secretary"), and Defendant Local 369, Utility Workers Union of America ("Defendant," "Local 369," or "the union"), hereby stipulate to the following facts, for the limited purpose of arguing what action the Court should order to remedy violations of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"):

1. Defendant union is a local labor organization within the meaning of sections 3(i) and (j) and 401(b) of the LMRDA, 29 U.S.C. § 402(i), (j), and 29 U.S.C. § 481(b).

2. The LMRDA governs the election of officers of labor organizations and the remedies for violations of the provisions relating to the election of officers. See 29 U.S.C. §§ 481-482.

3. Defendant holds elections for officers every three years. The next regularly scheduled Local 369 election will be conducted in September 2020.

4. In September 2017, Defendant had approximately 2,880 members employed as 0utility workers by thirteen different employers throughout Massachusetts.

5.  The Local 369 Executive Board consists of: President, Executive Vice President, Secretary-Treasurer, and Executive Board Vice Presidents (18 positions).

6.  According to Local 369's bylaws in place at the time of the 2017 election, the constitutional officers of Local 369 subject to the requirements of the LMRDA included, among other positions, Business Agents and Trustees-at-Large.

7.  Local 369 members are split between two Business Agent groups—District 1 or District 2.

8.  Union members are in good standing if they are in one of the bargaining units represented by Local 369, are currently on the payroll and are not working in a permanent or temporary position as a supervisor, manager or confidential employee or working full time for the National Union or Local 369. Members in good standing must also have paid their initiation fee in full and be current in all dues and assessments. Union members who are excused from paying dues because they are receiving short-term disability payments, or payments from a long-term disability insurer or workers' compensation insurer, are considered members in good standing for voting purposes.

9.  The vast majority of union members, however, pay dues. Members' employers deduct union dues from members' paychecks, and pay each member's dues to the union directly.

10. Employers transmit "dues lists" to the union. Through the dues lists, the employers communicate to the union the names of union members from whom the employer has deducted union dues and the amount remitted to the union.

11. Defendant conducted an election of officers on October 17, 2017.

12. Defendant used a third-party vendor, MK Election Services to administer the 2017 election. MK Election Services designed, printed, mailed, and tallied the ballots for that election.

13. Union members in good standing are eligible to vote in officer elections.

14. The offices filled in the October 17, 2017 election included Business Agent District 2 and the Trustees-at-Large (five positions).

15. In June 2017, Defendant requested information, including addresses, of all Local 369 members from each employer.

16. Defendant created the union's mailing list for the 2017 election from the employers' responses to the June 2017 information request.

17. The union did not cross-reference the employer-generated mailing lists with employer-generated dues lists. The union has never done so in the past and had not provided for such a step in its Election Rules.

18. The union's mailing list was inaccurate in two respects:

    a. First, the mailing list included individuals who were not eligible to vote in the election because, having retired or transferred to non-union positions for example, they were no longer members in good standing. These individuals appeared on the employer-provided mailing lists but did not appear on the dues lists.

    b. Second, the mailing list failed to include individuals who were not on the employer-provided mailing lists, having been hired into a union position after those lists were generated for example, but who were members of the union in good standing and therefore eligible to vote in the election.

19. The Parties agree that these errors were inadvertent.

20. The union provided the mailing list to MK Election Services, which used it to determine who should receive a ballot and which ballot each recipient should receive.

9

21.     The union mailed a combined nominations and election notice to members on July 25, 2017, and held nominations on September 17, 2017.

22.     MK Election Services mailed approximately 2,879 ballots on September 27, 2017.

23.     The union tallied votes on October 17, 2017. The election results for the offices of Business Agent District 2 and the Trustees-at-Large were as follows:

| Office | Candidate | Votes | Margin |
|---|---|---|---|
| Business Agent District 2 | **Heidi Danforth** | 248 | 5 |
|  | Daniel Butterfield | 243 |  |
| Trustees (5) | **Jim Pinkham** | 893 | 40 |
|  | **Mark Wisnes** | 648 |  |
|  | **Billy Bulger** | 588 |  |
|  | **Matt Marfione** | 501 |  |
|  | **Shannon Kain** | 457 |  |
|  | Michael Fulmine | 417 |  |

Bolded name denotes winner.

24.     Because the effect of the union's inadvertent errors exceeded the margins of victory in the elections for Business Agent District 2 and Trustees-at-Large, the Parties agree that the union's errors may have impacted the outcome of the election. *See Wirtz v. Hotel, Motel & Club Emp. Union, Local 6,* 391 U.S. 492, 508 (1968).

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: _____, 2019        By: _____
ALEXANDRA BRAZIER
EVAN PANICH
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
alexandra.brazier@usdoj.gov
evan.panich@usdoj.gov

                                            LOCAL 369, UTILITY WORKERS UNION OF AMERICA

Dated: _____, 2019      By: _____
                                            PAUL KELLY
                                            PAIGE MCKISSOCK
                                            Segal Roitman LLP
                                            33 Harrison Ave, 7th Floor
                                            Boston, MA 02111
                                            (617) 742-0208
                                            pkelly@segalroitman.com
                                            pmckissock@segalroitman.com